BENÍTEZ SUGAR COMPANY, APPELLANT, *v.* REGISTRAR OF
HUMACAO, RESPONDENT.

Appeal from a Decision of the Registrar of Property Refusing
to Record an Agricultural Contract.

No. 330.—Decided December 11, 1917.

AGRICULTURAL CONTRACT—RECORD OF TITLE—LEASE—CONSENT OF WIFE.—An agricultural contract for planting and milling sugar cane and for financing the

crops, entered into by a man and his wife with a corporation and reciting that the property to be planted is held under lease for five years, which term may be extended for three years more, cannot be denied admission to record in the registry of agricultural contracts on the ground that the property belongs to the conjugal partnership and the consent of the wife of the lessor was not expressed, for under its terms this is one of the contracts which the husband as manager of the community property may make because it is not prohibited by sections 159 and 1327 of the Civil Code; and, furthermore, because the agricultural contract alone is sought to be recorded and the spirit of the law of March 10, 1910, favors its admission to record.

The facts are stated in the opinion.

*Mr. Francisco González* for the appellant.

The respondent appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

On June 12, 1917, Oliver Shaw and his wife entered into a contract with the corporation the Benítez Sugar Company for planting and milling sugar cane and financing the crop, which contract was set out in deed No. 160 executed before notary Francisco González Fagundo on the said date.

The said instrument was presented in the Registry of Property of Humacao for record in the registry of agricultural contracts, accompanied by a copy of deed No. 158 executed before notary Francisco González Fagundo on June 12, 1917, which shows that Oliver Shaw is in possession as lessee of the property on which he plants the crop.

The registrar denied the record in the following note:

"The contract contained in this instrument, together with deed of lease No. 158 executed in Vieques before the same notary, is denied admission to record because it appears from the said deed of lease that the lease was made without the consent of the lessor's wife, Demetria Mercado, and according to the registry it involves ganancial property, etc."

We are not quite so clear that the contract presented to the registrar in this case is one that the husband, as administrator of the conjugal property, may not make because prohibited by sections 159 and 1327 of the Civil Code.

The contract is for the period of five crops, to terminate in 1922, but giving the lessee a right to extend it for three

crops more upon giving notice to the lessor, it being well understood that there is a crop every year.

Now while the tenant has an election to extend the contract for three years more, yet the actual lease is only for five years and the refaction contract does not extend beyond the term of the lease. Perhaps if the husband or his heirs should insist on the right of extension it might be held that such extension was beyond the power of the husband. In any event, the refaction contract is the only matter sought to be recorded and the spirit of the law of March 10, 1910, is in favor of the record.

The note must be

*Reversed.*

Justices del Toro and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey absent.